O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT JOHN GONZALES, | No. ED CV 14-2552-JGB (DFM) |
| Petitioner, | |
| v. | Order Accepting Findings and Recommendation of United States Magistrate Judge |
| F. FOULK, Warden, | |
| Respondent. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a <u>de novo</u> review of those portions of the Report and Recommendation to which objections have been made. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner's objections (Dkt. 22) raise for the first time a new claim of ineffective assistance of counsel. Namely, Petitioner argues that his trial attorney rendered ineffective assistance of counsel when he failed to interview and call as a witness an individual named Ibarra. <u>Id.</u> at 6. Petitioner did not raise this claim of ineffective assistance in either his Petition or Traverse.

1    Accordingly, the Court need not consider it. See United States v. Howell, 231

2    F.3d 615, 621 (9th Cir.2000) ("[A] district court has discretion, but is not

3    required, to consider evidence presented for the first time in a party's objection

4    to a magistrate judge's recommendation."). Petitioner's new claim is neither

5    "novel" nor does it rely on recent changes in the law, and Petitioner had ample

6    opportunity to present this claim but failed to do so. See Brown v. Roe, 279

7    F.3d 742, 745-46 (9th Cir. 2002) (finding that the district court abused its

8    discretion by failing to consider pro se petitioner's "relatively novel claim

9    under a relatively new statute."). Moreover, Petitioner failed to exhaust his

10   available state remedies with respect to this claim. See 28 U.S.C. § 2254(b)(1).

11       In any event, the Court finds that Petitioner's new claim of ineffective

12   assistance of counsel fails to present a colorable claim for habeas relief. See

13   Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir.2005) (holding that an

14   unexhausted claim may be denied on the merits where "it is perfectly clear that

15   the applicant does not raise even a colorable federal claim"). Here, Petitioner's

16   new claim of ineffective assistance clearly fails for two reasons.

17       First, Petitioner has presented no evidence that his trial counsel's alleged

18   errors were not in fact tactical decisions. See Womack v. Del Papa, 497 F.3d

19   998, 1004 (9th Cir. 2007) (holding that self-serving statement was insufficient

20   to show ineffective assistance); Williams v. Woodford, 384 F.3d 567, 610 (9th

21   Cir. 2004) (identifying the strong presumption that counsel exercised

22   reasonable professional judgment). Significantly, Petitioner submits no

23   declaration from his counsel stating that the alleged error was not the result of

24   calculated decision-making. See Shattuck v. Evans, No. 08-590, 2009 WL

25   3334892, at *8 (C.D. Cal. Oct.13, 2009) (rejecting ineffective assistance claim,

26   despite declaration from trial counsel that he "[did] not recall having any

27   strategic reason" for his alleged error, because such declaration "[did] not

28   unequivocally state that counsel had no such strategic reason"). Thus, on this

2

record, the Court cannot find that counsel's actions fell below an objective standard of reasonableness. See Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984) (per curiam) ("A tactical decision by counsel with which the defendant disagrees cannot form the basis of a claim of ineffective assistance of counsel.").

Second, Petitioner has failed to show any prejudice. Petitioner has presented no credible evidence that further investigation would have yielded discovery likely to result in his acquittal. See Villafuerte v. Stewart, 111 F.3d 616, 632 (9th Cir. 1997) (rejecting ineffective assistance claim where petitioner presented no evidence regarding what further investigation would have revealed, or what further preparation would have accomplished). Similarly, regarding counsel's alleged failure to investigate and call Ibarra as a defense witness, Petitioner has presented no competent evidence regarding what Ibarra would have said and whether he was able and willing to testify at trial. See Dows v. Wood, 211 F.3d 480, 486-87 (9th Cir. 2000) (rejecting claim of ineffective assistance for failure to call witness based on lack of affidavit from witness regarding substance of testimony); see also Bragg v. Galaza, 242 F.3d 1082, 1088 (9th Cir. 2001) (finding that mere speculation that a witness might have given helpful information if interviewed does not establish ineffective assistance).

IT IS THEREFORE ORDERED that Judgment be entered denying the petition and dismissing this action with prejudice.

Dated: ___August 30, 2016___

_____
JESUS G. BERNAL
United States District Judge